UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **VAN JENKINS**, <br><br> Plaintiff, <br><br> v. <br><br> **INTERNAL REVENUE SERVICE**, <br><br> Defendant. | **2:21-CV-12299-TGB-CI** <br><br> HON. TERRENCE G. BERG <br><br><br> **ORDER DISMISSING CIVIL RIGHTS COMPLAINT** |

Plaintiff Van Jenkins is currently incarcerated at the Gus Harrison Correctional Facility in Adrian, Michigan. Plaintiff filed a "Petition for Exemption," which is construed as civil rights complaint filed pursuant to 42 U.S.C. § 1983. For the reasons that follow, the complaint is dismissed because Plaintiff fails to state a claim upon which relief can be granted.

## I. STANDARD OF REVIEW

Plaintiff has paid the entire filing fee of $350.00, plus the $52.00 administrative fee, rendering inapplicable this Court's authority to screen his complaint for frivolity or maliciousness pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(e)(2). However, the Court has an initial and continuing obligation under Fed. R. Civ. P. 12(b)(1) to review and dismiss cases over which the Court lacks subject matter

jurisdiction. Because the Court finds that Plaintiff's claims are devoid of merit, the Court will *sua sponte* dismiss the complaint for lack of subject matter jurisdiction.

A federal district court's authority to screen and *sua sponte* dismiss complaints under 28 U.S.C. § 1915(e)(2) is limited to those prisoner complaints that are filed *in forma pauperis*. *Benson v. O'Brian*, , 1015 (6th Cir. 1999). Plaintiff did not file his complaint in this case as an indigent, but paid the filing fee and did not seek *in forma pauperis* status. As a general rule, a district court may not *sua sponte* dismiss a complaint where the filing fee has been paid unless the court gives the plaintiff the opportunity to amend the complaint. *Apple v. Glenn,* 183 F. 3d 477, 479 (6th Cir. 1999).

However, a review of a prisoner's civil rights complaint pursuant to 28 U.S.C. § 1915A is appropriate regardless of whether the prisoner has sought *in forma pauperis* status when the claim is brought against a governmental entity. *Benson,* 179 F. 3d at 1017. Therefore, if a prisoner's complaint seeks relief from a governmental entity, officer, or employee, Congress has directed that the district court must dismiss it, or any part thereof, which (a) is frivolous, malicious, or fails to state a claim upon which relief can be granted, or (b) seeks monetary relief from a defendant who is immune from suit for monetary damages. 28 U.S.C. § 1915A. Furthermore, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1)

of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple*, 183 F. 3d at 479 (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that patently frivolous, attenuated, or unsubstantial claims divest the district court of jurisdiction)).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "A complaint lacks an arguable basis in law or fact if it . . . is based on legal theories that are indisputably meritless." *Brown v. Bargery*, 207 F. 3d 863, 866 (6th Cir. 2000) (citing *Neitzke*, 490 U.S. at 327-28). A complaint fails to state a claim "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown*, 207 F. 3d at 867. *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *Goodell v. Anthony,* 157 F. Supp. 2d 796, 799 (E.D. Mich. 2001) (citation omitted).

A *pro se* litigant's complaint is to be construed liberally, *Middleton v. McGinnis*, 860 F. Supp. 391, 392 (E.D. Mich. 1994) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); that is, pro se filings are held to "less stringent standards" than pleadings drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Such complaints, however, must plead

facts sufficient to show a legal wrong has been committed from which plaintiff may be granted relief. Fed. R. Civ. P. 12(b); *Dekoven v. Bell,* 140 F. Supp. 2d 748, 755 (E.D. Mich.2001).

While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (*citing Twombly*, 550 U.S. at 556).

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must show that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F. 3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor,* 451 U.S. 527, 535 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F. 3d 530, 532 (6th Cir. 2001).

## II. COMPLAINT

Plaintiff alleges that the Internal Revenue Service sent him his economic impact payment ("EIP") pursuant to the Coronavirus Aid, Relief, and Economic Security Act (The "CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (2020). Plaintiff alleges that officials of the Michigan Department of Corrections ("M.D.O.C.") have deducted money from his EIP for restitution and other charges. Plaintiff seeks an order directing the M.D.O.C. to provide him his funds.

## III. DISCUSSION

An unauthorized intentional deprivation of property by a state employee does not violate the procedural requirements of the Due Process Clause of the Fourteenth Amendment so long as a meaningful state post-deprivation remedy for the loss is available. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Bass v. Robinson*, 167 F. 3d 1041, 1049 (6th Cir. 1999). A plaintiff who brings a § 1983 procedural due process claim has the burden of pleading and proving that the state remedies for redressing the wrong are inadequate. *Vicory v. Walton*, 721 F. 2d 1062, 1066 (6th Cir. 1983). If a plaintiff in a 42 U.S.C. § 1983 action fails to demonstrate the inadequacy of his or her state remedies, the case should be dismissed. *See Bass,* 167 F. 3d at 1050.

Plaintiff does not allege the inadequacy of remedies in Michigan for him to obtain compensation for his loss, nor does he even indicate that he

5

has attempted to obtain relief from any court or tribunal in Michigan. "State tort remedies generally satisfy the post-deprivation process requirement of the Due Process Clauses." *Fox v. Van Oosterum,* 176 F. 3d 342, 349 (6th Cir. 1999). Because Plaintiff does not allege the inadequacy of the post-deprivation remedies in the State of Michigan, his complaint is subject to dismissal.

Michigan has several post-deprivation remedies, including M.C.R. 3.105, which allows for an action for claim and delivery of the property, M.C.L. 600.2920, which provides a civil action to recover possession of or damages for goods and chattels unlawfully detained, and M.C.L. 600.6401, the Michigan Court of Claims Act, which establishes a procedure to compensate for alleged unjustifiable acts of state officials. *See Copeland v. Machulis*, 57 F. 3d 476, 480 (6th Cir. 1995).

Because Michigan provides Plaintiff with adequate post-deprivation remedies for the loss of his property, the alleged unauthorized intentional deprivation of Plaintiff's property would not rise to the level of a violation of due process. *See Keenan v. Marker,* 23 F. App'x. 405, 407 (6th Cir. 2001).

Because the complaint lacks any arguable basis in the law, this Court certifies that any appeal by Plaintiff would be frivolous and not undertaken in good faith. *See Alexander v. Jackson,* 440 F. Supp. 2d 682, 684 (E.D. Mich. 2006) (citing 28 U.S.C. § 1915(a)).

## IV. ORDER

Accordingly, it is **HEREBY ORDERED** that the civil rights complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

**IT IS FURTHER ORDERED AND CERTIFIED** by the Court that any appeal taken by Plaintiff would not be done in good faith.

**SO ORDERED** this 7th day of September, 2022.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge